IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASSANDRA WILLIAMS,<br><br>                Plaintiff,<br><br>  v.<br><br>THE CITY OF CHICAGO, Illinois, a municipal corporation, and Chicago Police Commander, JASON E. BROWN,<br><br>                Defendants. | No. 22-cv-1084<br><br>Judge Marvin E. Aspen<br><br>Magistrate Judge Gabriel A. Fuentes |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF THE NORTHERN DISTRICT'S MODEL CONFIDENTIALITY ORDER**

Pursuant to this Court's order on August 30, 2022 (Dkt. No. 28), Fed. R. Civ. P. 26(c)(1) and Local Rule 26.2, Defendants City of Chicago ("City") and Jason E. Brown (collectively, "Defendants"), by their attorneys, hereby respond in opposition to Plaintiff's Motion for Entry of the Northern District's Model Confidentiality Order (Dkt. No. 27). In support of their Response, Defendants state as follows:

1. On March 1, 2022, Plaintiff Cassandra Williams, a current Chicago Police Sergeant, filed the instant lawsuit against Defendants alleging retaliation pursuant to the First Amendment of the U.S. Constitution against both Defendants and retaliation under the Illinois Whistleblower Act against the City (the "Lawsuit"). *See* Dkt. No. 1.

2. On August 29, 2022, Plaintiff filed its Motion for Entry of the Northern District's Model Confidentiality Order. *See* Dkt. No. 27. The Northern District's Model Confidentiality Order does not sufficiently protect the confidential information relating to parties and non-parties contained in documents which Plaintiff will seek in this Lawsuit.

3.  Defendants anticipate that Plaintiff will seek written discovery from Defendants which includes confidential documents and information, including internal CPD investigation records and files, commonly referred to as Complaint Registers ("CRs"), of Chicago police officers, personnel records of current and former City employees, and other sensitive law enforcement business records.

4.  It is vital to protect from public disclosure any disciplinary actions, files and attachments to such files generated by the investigation of deaths in custody, uses of deadly force, and complaints of misconduct by Chicago police officers (generally referred to as "Log Number" files, "Complaint Register" files, "Universal" files, or "Extraordinary Occurrence" files, and hereinafter referred to as "CR Files") by designating such documents as confidential. It is also crucial that a confidentiality order in this Lawsuit include a public release procedure for CR Files produced in pre-trial discovery.

5.  After initially stating that they do not agree to any deviation from the Northern District's Model Confidentiality Order,[1] on August 15, 2022, Plaintiff's counsel agreed to certain provisions proposed by Defendants, including designating CR Files as confidential and a public release procedure for CR Files produced in pre-trial discovery, but also insisted on certain other provisions, including allowing limited third-party disclosures to individuals interviewed in the course of litigation where "reasonably necessary."

6.  On August 25, 2022, Defendants' counsel stated that it would be unable to agree to those provisions concerning third-party disclosures and would need additional provisions protecting the confidentiality of CR Files and, thus, the parties reached an impasse.

---

[1] The Northern District's Model Confidentiality Order itself states that it "is for the convenience of the parties and the court and not intended to create a presumption in favor of the provisions in this model order and against alternative language proposed by the parties."

2

7. The documents which will be sought by Plaintiff, including CR Files, personnel files, disciplinary histories, and related information should be shielded from public disclosure pursuant to (1) the Illinois Personnel Record Review Act, 820 ILCS 40/0.01-40/13, which protects the disclosure of employee disciplinary histories and related information; (2) the Illinois Freedom of Information Act, 5 ILCS 140/1 *et seq.* ("IFOIA"), which, *inter alia*, exempts private information and records related to disciplinary matters; and (3) Rule 3.6 of the Illinois Supreme Court Rules of Professional Conduct which prevents lawyers from making extrajudicial statements the lawyer knows or reasonably should know are likely to be disseminated by public media, and, if so disseminated, would pose a serious and imminent threat to the fairness of an adjudicative proceeding.

8. Defendants believe Plaintiff may also seek discovery relating to CR Files of Chicago police officers who are neither parties nor involved in this Lawsuit. While Defendants do not seek to prevent wholesale production of any relevant CR Files for purposes of litigation in this Lawsuit, Defendants seek to ensure these files are properly designated as confidential and that all proper redactions are made prior to any further public dissemination by the parties of the voluminous sensitive information contained within those files which remains protected by statute following implementation of the *Kalven* decision, which removed the blanket protection previously afforded to such files. *See Kalven v. City of Chicago*, 2014 IL App (1st) 121846, 7 N.E.3d 741 (Ill. App. Ct. 2014).

9. *Kalven* recognizes the importance of such screening, as well as *in camera* review, as necessary, prior to any public dissemination to ensure specific statutory protections still remaining within those files are implemented through proper redactions. *Kalven*, 2014 IL App (1st) 121846, ¶¶ 24, 32, 7 N.E.3d at 748-49.

10.     Federal Rule of Civil Procedure 26(c)(1) permits the Court, "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that might arise during discovery." Rule 26(c) allows a court to shield certain documents from the public when there is good cause to do so. *Bond v. Utreas*, 585 F.3d 1061, 1074 (7th Cir. 2009).

11.     To implement such screening with respect to the production and handling of the voluminous CR Files, Defendants request that this Court deny Plaintiff's Motion for Entry of the Northern District's Model Confidentiality Order and instead enter Defendant's proposed Confidentiality Order, of which, pursuant to this Court's standing order on proposed orders and Local Rule 26.2, Defendants have concurrently submitted clean and redlined versions to this Court's proposed order inbox. This screening process is outlined in paragraph 2 of Defendants' proposed Confidentiality Order, which includes the specific statutory redactions to be reviewed and completed prior to any public dissemination provided therein.

12.     The language forming the screening process set forth in paragraph 2(b) of Defendants' proposed Confidentiality Order has been approved and entered in other lawsuits filed in the Northern District and the Circuit Court of Cook County. *See Harris v. City of Chicago, et al.*, No. 19 cv 5878 (N.D. Ill. Feb. 12, 2020) (Rowland, J.); *DeLeon-Reyes v. Guevara, et al.*, 18 C 1028 (N.D. Ill. Feb. 12, 2019) (Harjani, J.); *Solache v. Guervara, et al.*, 18 C 2312 (N.D. Ill. Feb. 12, 2019) (Harjani, J.); *Patterson v. City of Chicago, et al.*, 14 C 6458 (N.D. Ill. May 28, 2015) (Leinenweber, J.); *Ball v. Cortes, et al.*, 11 C 8741 (N.D. Ill. May 21, 205) (Dow, J.); *Kinslow v. City of Chicago, et al.*, 14 C 6005 (N.D. Ill. May 20, 2015) (Bucklo, J.); *Duprey v. City of Chicago*, 15 C 111 (N.D. Ill. May 12, 2015) (Chang, J.); *Romero v. City of Chicago, et al.*, 14 C 6137 (N.D. Ill. May 6, 2016) (Kennelly, J.); *Ball v. Cortes, et al.*, 11 C

8741 (N.D. Ill. May 21, 2015) (Dow, J.); *Santiago v. City of Chicago, et al.*, 14 C 8205 (N.D. Ill. June 9, 2015) (Castillo, J.); *Mock v. Castro*, 14 C 3274 (N.D. Ill. June 12, 2015) (Shah, J.); *Warren v. City of Chicago*, 14 C 7514 (N.D. Ill. June 19, 2015) (Alonso, J.); *Allen v. City of Chicago*, 14 C 6217 (N.D. Ill. June 19, 2015) (Blakey, J.); *Horton v. City of Chicago, et al.*, 13 C 6865 (N.D. Ill. June 30, 2015) (Dow, J.); *Davis v. City of Chicago, et al.*, No. 15 L 4799 (Flanagan, J.) (entered Sept. 9, 2015); *Walker v. City of Chicago*, No. 15 L 11936 (Gillespie, J.) (entered Oct. 18, 2016); *Cook v. Zayas, et al.*, No. 16 L 8948 (Brosnahan, J.) (entered March 21, 2017).

13. Illinois statutes provide a framework in determining whether public dissemination of pre-trial discovery is allowed for information contained in CR Files, or whether they are to be deemed "confidential." For example, although, as mentioned above, there is no longer a blanket exemption from public release for CR Files (*see Kalven, supra*), Section 7 of the IFOIA still sets forth exemptions to public disclosure of specific sensitive information contained within various portions of CR Files. 5 ILCS 140/7 *et seq.* (West 2016). These include, *inter alia*, names of Complainants and third parties and other private information of individuals, including social security numbers, personal addresses and the like, and information that needs to be protected for safety and security reasons. 5 ILCS 140/7(1)(a), 5 ILCS 140/7(1)(b), 5 ILCS 140/7(1)(c), 5 ILCS 140/7(1)(d). In addition, the Juvenile Court Act, 705 ILCS 405/1-1 *et seq.* (protecting the disclosure of juvenile court records), the Illinois Personnel Records Review Act, 820 ILCS 40/0.01 *et seq.* (which protects the disclosure of employee disciplinary histories and related information), and the Illinois Identity Protection Act, 5 ILCS 179/10(b)(1) (protecting citizens from identity theft) mandate protection under Illinois law. For the convenience of both the

5

parties and the Court, such standard statutory protections are listed in detail in paragraph 2(b) of Defendants' proposed Confidentiality Order.

14. Determining which particular information existing in voluminous CR Files is protected by IFOIA or by provisions of other statutes can only be determined upon close investigation, in an often burdensome, tedious, and time-consuming case-by-case, page-by-page, paragraph-by-paragraph review. Defendants' proposed Confidentiality Order provides a framework to facilitate discovery while providing a specific public release procedure, post-production, consistent with IFOIA's own "voluminous requests" provision. *See* 5 ILCS 140/2(h) (defining "voluminous request); 5 ILCS 140/3.6 (setting forth procedure for "voluminous requests"). Following the *Kalven* decision, the Illinois General Assembly, recognizing the unrealistic pressures put on municipal agencies for screening large amounts of materials requested pursuant to IFOIA, often affecting the very functioning of their offices, adopted, effective December 4, 2014, the "voluminous requests" provision of IFOIA. *Id.* This provision provides additional time for requests for IFOIA screening and release of materials in excess of 500 pages, and provides a release procedure whereby the parties will negotiate and focus on what is actually needed, and, if still in excess of 500 pages, municipalities may make, arrangements for such release with appropriate timeframes and expenses to be charged to the requestor for the release. If the requestor refuses to pay, the release need not be processed, subject to review by the Public Access Counselor. *Id.* Defendants' proposed Confidentiality Order incorporates this process.

15. Ensuring that redactions are properly made prior to any public release of such protected information is also essential. The Northern District's Model Confidentiality Order proposed by Plaintiff does not properly protect this information. In contrast, Defendant's

proposed Confidentiality Order provides the framework for that contingency while, at the same time, facilitating discovery in this matter through the expedited production of such materials for purposes of litigation.

16. The language regarding the definition of confidential matter and the public release procedure contained in Paragraph 2(b) of Defendants' proposed Confidentiality Order tracks language of protective orders recently entered in other lawsuits filed in the Northern District and the Circuit Court of Cook County. *See, e.g.*, ¶ 13, *supra*.

17. Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 26.2, Defendants' proposed Confidentiality Order will protect the parties and third parties from annoyance, embarrassment, oppression, and undue burden and expense.

18. Defendants' proposed Confidentiality Order will also help minimize discovery disputes because sensitive information contained within documents will be used only for the purposes of the Lawsuit.

WHEREFORE, Defendants City of Chicago and Jason E. Brown respectfully request that this Court deny Plaintiff's Motion for Entry of the Northern District's Model Confidentiality Order, enter Defendants' proposed Confidentiality Order, and grant any further such relief and this Court deems just and proper.

Date: September 9, 2022

By: */s/ Christina C. Brunty*
Special Assistant Corporation Counsel, City of Chicago and One of the Attorneys for Defendant Jason E. Brown

Abad Lopez (ALopez@dykema.com)
Christina C. Brunty (CBrunty@dykema.com)
DYKEMA GOSSETT PLLC
10 S. Wacker Drive, Suite 2300
Chicago, Illinois 60606
Ph: (312) 876-1700

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2022, I electronically filed the foregoing **Defendants' Response to Plaintiff's Motion for Entry of the Northern District's Model Confidentiality Order** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*Christina C. Brunty*
Christina C. Brunty
